UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:09-CR-32-GFVT-1 |
| | ) | |
| EDDIE IVAN WEST, JR., | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 39), considers reported violations of supervised release conditions by Defendant Eddie Ivan West, Jr.  The District Court entered a Judgment against Defendant on July 8, 2010 for knowingly possessing a firearm after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).  (D.E. 34).  Defendant was initially sentenced to 27 months imprisonment followed by 3 years of supervised release.  (*Id.*).  Defendant began his initial term of supervised release on November 4, 2011.  On February 8, 2012, the United States Probation Office (hereinafter "USPO") issued a Supervised Release Violation Report, and secured a warrant from the District Judge.

The Report charges Defendant, in Violations #1-3, with violating the condition of his release providing that "[t]he defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."  First, the Report states that, on January 13, 2012, United States Probation Officer Scott Greiwe contacted

Defendant at his grandmother's residence, where Defendant provided a urine sample that tested positively for the presence of opiates.  Although Defendant denied using any controlled substances, subsequent testing by Alere Laboratory indicated a positive result for the presence of hydrocodone.

Second, according to the Report, Officer Greiwe again contacted Defendant on February 3, 2012, at the home of his ex-wife.  Defendant provided a urine sample that yielded a positive result for oxycodone.  Defendant admitted to taking a Percocet (oxycodone) on or around February 1, 2012, that was not prescribed to him.

Third, Defendant reported to the USPO on February 7, 2012, and again submitted a urine specimen that tested positively for the presence of oxycodone.  Defendant indicated that he took a Percocet tablet on or around February 4, 2012 (the day after the positive result on February 3). Defendant ultimately signed an admission form admitting his use of oxycodone.

In Violation #4, the Report charges that Defendant violated the condition of his release which states that "[t]he defendant shall not commit another federal, state, or local crime."  The Controlled Substances Act classifies hydrocodone and oxycodone as Schedule III and Schedule II Controlled Substances, respectively.  In the supervised release context, the Sixth Circuit treats controlled substance use as equivalent to possession.  *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).  Therefore, Defendant's alleged use of hydrocodone and oxycodone would be a violation of 21 U.S.C. § 844(a), a Class E felony.

The Court conducted an initial appearance pursuant to Rule 32.1 on February 15, 2012, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing.  (D.E. 42).  At the initial appearance, the United States made an oral motion for interim detention.  (*See id.*).  Based upon the motion of the United States and the heavy

defense burden pursuant to 18 U.S.C. § 3143, the Court ordered that Defendant be detained. (*See id*.).

At the final hearing on February 16, 2012, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583.  Defendant competently entered a knowing, voluntary, and intelligent stipulation to the charged violations.  (*See* D.E. 43).  Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report.  The United States thus established Violations #1-4 under the standard of § 3583(e).  At the final hearing, the parties advised the Court that they reached an agreement with respect to a recommended sentence.  The parties recommended revocation and imprisonment for a period of 12 months and 1 day, with a 12-month term of supervised release to follow.  Such a recommendation is not binding on the Court.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and the sentencing materials from the underlying Judgment in this District. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation[1] hinges on the gravity of the underlying offense of conviction.  Defendant's § 922(g)(1) conviction was for a Class C felony.  *See* 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3559.  For an underlying Class C felony, the maximum revocation sentence provided under § 3583 is 2 years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United

---

[1] The proof standard is a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence, including the USPO Report, satisfy.

States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).  Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violations #1-3, and a Grade B violation with respect to Violation #4.  Given Defendant's criminal history category of IV (the category at the time of the conviction in this District) and a Grade B violation, *see* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."), Defendant's Guidelines range, under the Revocation Table of Chapter 7, is 12 to 18 months.

Congress does *mandate* revocation in a case of this nature.  By statute, the Court must revoke Defendant's supervised release because he possessed a controlled substance.  *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession).  The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1).  *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").  The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief.  *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)").  Defendant did not seek, nor does the record support, application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that imprisonment of 12 months and 1 day, followed by a 12-month term of supervised release, is insufficient to protect the public and deter future criminal conduct. Therefore, the Court declines to follow the parties' recommendation. Instead, the Court finds that a term of imprisonment of 18 months, followed by an 18-month term of supervised release, is appropriate. The Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e).

Defendant tested positively for the use of a controlled substance multiple times within just a few months after beginning his term of supervised release. Moreover, although Defendant received a sentence at the high point of the Guidelines range on the underlying § 922(g)(1) charge, this appeared to offer little deterrence, as Defendant swiftly committed multiple federal felonies once released. Defendant also has a history of noncompliance, including a violation of his pretrial release in this case based upon the use of oxycodone. Defendant's criminal history dates back to 1994, and reflects elements of instability and dangerous behavior. It is not the Court's position or intent to make a personal judgment; however, it is clear that Defendant has an uncontrollable substance abuse problem that must be addressed, and he has not yet realized the consequences of continuing to violate the law.

When imposing a sentence, the Court is required, pursuant to 18 U.S.C. § 3553, to consider the need to protect the public from the crimes of Defendant. The Court cannot overstate the seriousness of the harm to the community posed by drug problems. Defendant's drug use is a danger not only to himself, but also those close to him and society at large. The underlying sentence was imposed at the upper limit of the Guidelines range – meaning a 27 month imprisonment term (the range was 21 to 27 months), followed by a statutory maximum supervised release term of 3 years. The parties recommended sentence upon revocation – at the low end of the Guidelines range at this point – fails to sufficiently account for the need to deter future dangerous criminal conduct. The Court is unable to formulate any reasonable basis to be lenient in terms of the range when Defendant was not deterred by the previous sentence at the upper end of the range. Indeed, Defendant violated very swiftly by committing multiple felonies of the same character (controlled substance abuse) as his admitted pre-trial violation in this case. Hopefully another significant sentence will result in Defendant taking seriously the consequences of his decisions and actions. The Court finds that a sentence at the maximum recommended by the Guidelines is the only way to adequately apply the required statutory factors in light of Defendant's multiple breaches of the trust placed in him. For the reasons stated on the record and herein, the Court finds that a term of imprisonment of 18 months will satisfy the objectives of § 3583(e).

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply

"[e]xcept as otherwise provided."  *See id.* § 3583(b).  Here, the maximum term of supervised release would be 3 years, less any revocation term imposed.  *See* 18 U.S.C. § 3583(h).  Based upon the factors described above, the Court finds that an additional term of supervised release of 18 months following the term of imprisonment is warranted, subject to the conditions imposed upon the Judgment entered on July 8, 2010 by the Court.  Defendant still has the ability and opportunity to change the course of his life, and further supervision focused upon his substance abuse problems will hopefully aid him in that process.  Part of that appropriate course must include strict compliance with ***all*** conditions of supervised release in the future, or, of course, Defendant will face revocation again.

The Court **RECOMMENDS**, based on the violations found:

1. Revocation and imprisonment for a term of 18 months;

2. An additional supervised release term of 18 months.  While on supervised release, the Court recommends that Defendant be subject to the conditions imposed by the Court's Judgment dated July 8, 2010.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i).  As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court

and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 23rd day of February, 2012.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge